UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN-ANTHONY ARNDT,          :
                              :
    Plaintiff                 :
                              :
v.                            : CIVIL NO. 3:CV-14-1993
                              :
MICHAEL BORTNER, et al.,      : (Judge Kosik)
                              :
    Defendants                :

FILED
SCRANTON
OCT 22 2014
PER_____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Shawn-Anthony Arndt, an inmate confined at the State Correctional Institution at Waymart, Pennsylvania, files this civil rights action pursuant to 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis in this matter.[1] Named as defendants are Court of Common Pleas of York County Judges Michael Bortner and Stephen Linebaugh. Also named is Ron O'Shell, Clerk of Courts in the York County Court of Common Pleas. The complaint is before the court for preliminary

---

[1] Plaintiff's motion will be construed as a request to proceed without pre-payment of the filing fee and will be granted. He has filed the required in forma pauperis and authorization forms. An Administrative Order was issued by the Clerk of Court on October 15, 2014 (Doc. 5), directing the warden at Plaintiff's present place of confinement to begin deducting the full filing fee from Plaintiff's inmate account.

screening pursuant to 28 U.S.C. §1915(e).[2] For the reasons that follow, the complaint will be dismissed without leave to amend.

I. **Background**

Plaintiff states that he filed a petition for post-conviction relief in the York County Court of Common Pleas on February 19, 2013 with respect to his underlying criminal matter. Between February 28, 2013 and May 4, 2013, he claims he wrote two letters to the Clerk of Court and one letter to Judge Linebaugh to make sure his PCRA petition had been received. He received no response. He also claims he filed a motion to compel on January 17, 2014, and inquiries with respect to the filing of the motion went unanswered. He does states that he was appointed counsel in his PCRA matter on August 18, 2014. Plaintiff seeks punitive damages of over $1.2 million dollars against each Defendant due to their failure to respond to his letters inquiring about documents filed in his criminal matter.

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## II. Standard of Review

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss under Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014)(internal quotations omitted). Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, pro se pleadings are held to a less stringent standard than formal

pleadings drafted by attorneys and are to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See Connelly, 706 F.3d at 217 (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008)). However, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice or futility. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004). Thus, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## III. Discussion

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

Defendant Judges Linebaugh and Bortner are both accorded Eleventh Amendment immunity and judicial immunity in their official capacities, and are not "persons" under § 1983 in that capacity. First, when a state official is sued in his

official capacity, the real party interest is the government office of which he is an agent. Hafer v. Melo, 502 U.S. 21, 26 (1991). Accordingly, a lawsuit against Defendants in their official capacity is actually a lawsuit against the Court of Common Pleas of York County which is barred by the Eleventh Amendment. See Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012)(holding that the Eleventh Amendment barred claims against several judges because "claims against the defendants in their official capacities ... are in essence claims against the Commonwealth of Pennsylvania ...."). For these reasons, Defendants Linebaugh and Bortner are not, for purposes of liability under Section 1983, "persons" in their official capacities.

The same holds true with respect to Plaintiff's claims against Defendant O'Shell in his official capacity. As the Clerk of Court, O'Shell has the protection of Eleventh Amendment immunity and quasi-judicial immunity in his official capacity, and is not a "person" for § 1983 purposes in that capacity. Court Administrators in Pennsylvania are "included within the State judicial personnel system," 42 Pa. Cons. Stat. Ann. § 1905(a), and the courts have held that such administrators are entitled to Eleventh Amendment immunity. See, e.g., Conklin, 495 F. App'x at 263; Ball v. Hartman, 2010 WL 146319, at *6-7 (M.D. Pa. Jan. 11, 2010). Quasi-judicial immunity covers those who "perform functions closely associated with the judicial process," Cleavinger v. Samaar, 474 U.S. 193, 200 (1985), and whose functions are

"so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969).

Furthermore, the United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. These longstanding common law immunities for judicial and quasi-judicial officials directly apply here, and prevent Plaintiff from maintaining this civil action for damages against the individual Defendants. Judges are immune from liability in Section 1983 actions for their judicial acts. A judge is liable only for non-judicial acts or acts as to which he was completely without jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The scope of such protection extends beyond the judges to officials like the Clerk of Court and Prothonotary who perform functions closely associated with the judicial process. See Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971). Moreover, Plaintiff fails to set forth any plausible facts that would state a claim against Defendants in their individual capacities in any event.[3] As such, the complaint will be dismissed pursuant

---

[3] To the extent Plaintiff attempts to state a denial of access-to-the-courts claim with respect to Defendants' failure to respond to his correspondence regarding the filing of his PCRA petition, any such claim would be without merit. The court takes judicial notice of Plaintiff's underlying York County criminal action, Commonwealth of Pa. v. Arndt, CP-67-CR-0004896-2009, and notes that Plaintiff's PCRA was

to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Leave to amend will not be afforded in that any amendment would be futile. An appropriate order follows.

---

docketed on 2/19/13, Plaintiff has been appointed counsel in the matter, and the PCRA petition is proceeding.